IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAKE TAYLER JACOBS,　§ | |
| 　　　Plaintiff,　　　　§ | |
| 　　　　　　　　　　　§ | |
| v.　　　　　　　　　　§ | No. 3:22-cv-00313-K (BT) |
| 　　　　　　　　　　　§ | |
| TRANSUNION LLC,　　§ | |
| 　　　Defendant.　　　§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil action brought by Plaintiff Jake Tayler Jacobs filed under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*. Compl. 1-2 (ECF No. 3). On February 9, 2022, the Court sent Jacobs a Notice of Deficiency and Order (ECF No. 4), which ordered him to file a complaint in compliance with Federal Rule of Civil Procedure 8(a), pay the filing fee or file a proper request to proceed *in forma pauperis*, and file his complaint on the proper form. The Order informed Jacobs that failure to respond and cure these deficiencies by March 9, 2022 could result in a recommendation that his case be dismissed. Jacobs has failed to respond, and the time for doing so has passed. Therefore, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing

1

*McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Jacobs has failed to comply with the Court's order to file a complaint in compliance with Federal Rule of Civil Procedure 8(a), file his complaint on the proper form, and pay the filing fee or file a proper request to proceed *in forma pauperis*. The Court cannot screen his claims, and thus, this litigation cannot proceed until he cures these deficiencies. Specifically, Jacobs's complaint is very short, just over a page in length, and it lacks necessary details. To assert a claim under § 1681i, which addresses a claim for a disputed accuracy, Jacobs must set forth facts sufficient to demonstrate: (1) he disputed the completeness or accuracy of an item of information contained in his consumer credit file held with the Credit Reporting Agency (CRA), and he notified the CRA directly of the dispute; (2) the CRA did not reinvestigate free of charge and either record the current status of the disputed information or delete the item from his file in the manner set forth by § 1681i(a)(5) within the statutory period; (3) the CRA's

noncompliance was either negligent or willful; (4) he suffered injury; and (5) his injury was caused by the CRA's failure to reinvestigate and record the current status of the disputed information or delete the item from the file. *Hammer v. Equifax Info. Servs, LLC*, 2019 WL 7602463, at *2 (N.D. Tex. Jan. 16, 2019) (citations omitted). Jacobs's complaint lacks sufficient detail. For example, he summarily alleges that he is a "consumer," and in 2021, he sent a "written dispute" to defendant. Compl. 1 (ECF No. 3). Jacobs further alleges that he disputed the completeness and/or accuracy of a "tradeline" by BMW Financial Services. *Id.* He claims that defendant failed to follow "reasonable procedures" to assure "maximum accuracy of the date in consumer reports" and respond to him within thirty days of receipt of his dispute. *Id.* Without explanation, Jacobs claims to have suffered personal and financial damages, including punitive damages. As relief, he seeks $45,000 "plus "$5,0000 to date," and all costs associated with this lawsuit. *Id.* 2. In sum, Jacobs has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

The Court should dismiss Jacobs's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed March 11, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).