UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC - 2 2022
CLERK, U.S. DISTRICT COURT
By_____ Deputy

| | |
|---|---|
| JAKE TAYLER JACOBS, | ) |
| Plaintiff, | ) Case No. 3:22-cv-00313-K-BT |
| v. | ) |
| | ) MOTION TO REOPEN |
| TRANSUNION, LLC | ) |
| Defendant. | ) |

## NOTICE OF MOTION TO REOPEN CASE

### I. Parties

I, JAKE TAYLER JACOBS, Plaintiff, has filed papers with the court requesting that an order be entered allowing the Plaintiff to reopen the case for the purpose of Disputing the claims of Defendant a consumer reporting agency.

### II. Basis for Jurisdiction

a. Due to Defendant's conduct, Plaintiff has suffered personal and financial damages

b. Due to Defendant's conduct, Defendant is liable to Plaintiff for actual, statutory, and punitive damages, and costs under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

### III. Statement of Claim

1. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and consumer files or reports that it prepared, maintained, or published concerning Plaintiff.

2. Defendant violated 15 U.S.C. § 1681e(b) by negligently failing to establish or follow reasonable procedures to assure maximum possible accuracy in the

preparation of the consumer reports and consumer files or reports that it prepared, maintained, or published concerning Plaintiff.

3. Defendant violated 15 U.S.C. § 1681e(b) by intentionally failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and consumer files or reports that it prepared, maintained, or published concerning Plaintiff.

4. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage by expended costs and expenses in dealing with these issues, loss of credit, loss of ability to purchase and benefit from credit, and mental and emotional pain and anguish and humiliation and embarrassment of credit denials.

5. As a result of Defendant's negligent conduct, action, and inaction, Plaintiff suffered damage by expended costs and expenses in dealing with these issues, loss of credit, loss of ability to purchase and benefit from credit, and mental and emotional pain and anguish and humiliation and embarrassment of credit denials.

6. As a result of Defendant's intentional conduct, action, and inaction, Plaintiff suffered damage by expended costs and expenses in dealing with these issues, loss of credit, loss of ability to purchase and benefit from credit, and mental and emotional pain and anguish and humiliation and embarrassment of credit denials.

7. Defendant's conduct, action, and/or inaction was willful, rendering Defendant liable for punitive damages in an amount determined by the Court pursuant to 15 U.S.C. § 1681n.

8. In the alternative, Defendant's conduct, action, and/or inaction was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

9. Plaintiff is entitled to recover costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

10. Defendant violated 15 U.S.C. § 1681i on multiple occasions by negligently and/or intentionally failing to delete inaccurate information in Plaintiff's consumer report or credit file after receiving actual notice of such inaccuracies; by negligently and/or intentionally failing to conduct a lawful reinvestigation; by negligently and/or intentionally failing to forward all relevant information to the respective alleges furnishers of the information to Defendant concerning Plaintiff; by negligently and/or intentionally failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer report or credit file; by negligently and/or intentionally relying upon verification from a third party source that Defendant has reason to know or should have reason to know is unreliable; and by negligently and/or intentionally failing to provide Plaintiff with a description of the procedure used to determine the accuracy and completeness of the information contained in its consumer reports or files concerning Plaintiff within fifteen (15) days after receiving Plaintiff's request for the a description of the procedure used to determine the accuracy and completeness of the information contained in its consumer report or file concerning Plaintiff.

11. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage by expended costs and expenses in dealing with these issues, loss of credit, loss of ability to purchase and benefit from credit, and mental and emotional pain and anguish and humiliation and embarrassment of credit denials.

12. Defendant's conduct, action, and/or inaction was willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

13. In the alternative, Defendant's conduct, action, and/or inaction was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

14. Plaintiff is entitled to recover costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### IV.  Certification and Closing

WHEREFORE, Plaintiff pray for damages in the amount of $ 45,000 plus $ 5000 to date, and all future costs of this suit, and such other relief the Court does deem just, equitable and proper.

US DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

I, JAKE TAYLER JACOBS, swear that the foregoing is a just and true statement of the amount owing by Defendant to Plaintiff, exclusive of all set-offs and just grounds of defense.

By affixing this electronic verification, oath, or affidavit to the pleading submitted to the court and attaching my electronic signature hereon, I do hereby swear or affirm that the statements set forth in the above pleading are true and correct.

Dated: 10/20/2022

**S/ JAKE TAYLER JACOBS**
200 N Carrier Parkway, Suite 101
Grand Prairie, Texas 75050

Email: startanew163@gmail.com
PLAINTIFF (*pro se*)

## CERTIFICATE OF SERVICE

I certify or affirm that on this date I served Defendant with a courtesy copy of the foregoing Amended Complaint via U.S.P.S. regular mail with sufficient postage thereon to Defendant's following address:

**PRENTICE-HALL CORPORATION SYSTEM** (Transunion)

211 E. 7th Street Suite 620, Austin, TX 78701

**C T CORPORATION SYSTEM** (Experian)

1999 BRYAN ST., STE 900, Dallas, TX 75201

Respectfully submitted,

Dated: 10/20/2022                **S/ JAKE TAYLER JACOBS**




U.S District Court
1100 Commerce St
Dallas, TX 75242
Attn: Clerks office



DEC - 2 2022

Jake Taylor Jacobs
200 N Carrier Parkway, Suite 101
Grand Prairie, TX 75050