IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAKE TAYLER JACOBS,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:22-cv-00313-K (BT) |
| | § | |
| TRANSUNION LLC,<br>    Defendant. | §<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Jake Tayler Jacobs's "Notice of Motion to Reopen Case" under Rule 60(b). (ECF No. 8.) For the reasons stated, the Court should deny Jacobs's motion.

I.

Jacobs initiated this *pro se* lawsuit on February 8, 2022, when he filed a complaint. Compl. (ECF No. 3). The next day, the Court issued a Notice of Deficiency and Order, directing Jacobs to file his complaint in compliance with Federal Rule of Civil Procedure 8(a), pay the filing fee or file a motion for leave to proceed *in forma pauperis*, and file his pleadings on the court-approved form. (ECF No. 4.) The Order further informed Jacobs that failure to respond and cure the deficiencies by March 9 could result in a recommendation that his case be dismissed. Jacobs did not respond, and he failed to comply with the Court's February 9 Order.

On March 11, the undersigned magistrate judge issued findings and conclusions, recommending that Jacobs's case be dismissed without

prejudice under Federal Rule of Civil Procedure 41(b). FCR (ECF No. 5). Jacobs did not file objections, and on March 30, the Court accepted the magistrate judge's recommendation and entered judgment. Ord. (ECF No. 6); J. (ECF No. 7). Then, on December 2, 2022 Jacobs filed his "Notice of Motion to Reopen Case" under Rule 60(b). (ECF No. 8.)

II.

A court evaluates a motion seeking reconsideration of a prior ruling under either Rule 59(e) or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). The Court determines which rule to apply based on when the motion is filed. *Id.* If the party files his motion within twenty-eight days after the entry of judgment, the Court evaluates the motion under Rule 59, but if the party filed it beyond that time period, the Court analyzes the motion under Rule 60. *Id.* Jacobs filed his motion on December 2, 2022, which is more than 28 days after the entry of judgment. The Court therefore evaluates his motion under Rule 60(b).

Under Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons:

  (1) mistake, inadvertence, surprise, or excusable neglect;

  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

>   (4)   the judgment is void;
>
>   (5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy, and the need for predictability mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005). The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief. *Harrison v. Baylor Univ. Med. Ctr.*, 2018 WL 7048085, at *2 (N.D. Tex. Dec. 21, 2018), *adopted by* 2019 WL 202325 (N.D. Tex. Jan 15, 2019).

### III.

As a threshold matter, the Court should deny Jacobs's motion because it is an impermissible substitute for an appeal. Jacobs failed to file an appeal with the Fifth Circuit Court of Appeals. Jacobs states that he seeks to "reopen the case for the purpose of Disputing the claims of Defendant a consumer reporting agency." Mot 1 (ECF No. 8). He then proceeds to address the merits of his civil action under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* However, Jacobs fails to come forward with any "newly discovered evidence" that could not have been discovered in time to file a Rule 59(b) motion. *See* Fed. R. Civ. P. 60(b)(2).

Further, the Court should deny the motion as untimely because it was not filed within a reasonable time. Under Rule 60(c)(1), a party must file a Rule 60(b) motion within a reasonable time or show good cause for the delay.[1] *In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2017) (citing *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004)). "'Good cause' for a reasonable delay must be 'evaluated on a case-by-case basis.'" *Id.* (quoting *In re Osborne*, 379 F.3d at 283). Timeliness is assessed when the moving party has a basis to make such a motion, not the time that has passed since judgment was entered. *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992). "Once a party has grounds to make a Rule 60(b) motion, however, he must bring the motion reasonably promptly, though 'the determination of reasonableness is less than a scientific exercise.'" *In re Edwards*, 865 F.3d at 208-09 (quoting *First RepublicBank Fort Worth*, 958 F.2d at 121). When a moving party fails to appeal, and the grounds for relief were known within the time to file an appeal, "the usual time period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60[ (c) ]." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985). The Court should not allow a party to use Rule 60(b) as an end run around appeal time limits. *Id.*

---

[1] All motions under Rule 60(b) must be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1). However, Rule 60(b) motions filed for the reasons set forth in Rule 60(b)(1)-(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.*

4

The Court entered judgment in this case on March 30, 2022. (ECF No. 7.) Jacobs filed his Rule 60(b) motion *more than eight months later*—on December 2, 2022. There is no indication that there is any evidence not known to Jacobs on March 30, when the Court entered its order dismissing his case without prejudice and entered judgment. Ord. (ECF No. 6); J. (ECF No. 7). As noted, Jacobs did not appeal this Court's ruling.

Even if Jacob's motion were appropriate and timely, the Court should still deny it on the merits because Jacobs has not shown any mistake in the judgment. Rather, Jacobs merely discusses the merits of his civil action under the FCRA and argues TransUnion LLC owes him $50,000. In sum, Jacobs has failed to demonstrate there was any mistake in the judgment or any other reason to grant relief from the judgment.

## RECOMMENDATION

The Court should DENY Jacobs's Rule 60(b) motion (ECF No. 8).

**SO RECOMMENDED**.

February 16, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.